UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-22310

DRIP CAPITAL, INC.,

    Plaintiff,

vs.

305 JMJ PRODUCE CORP.,
OSCAR ANDRES
MONTESDEOCA LIU-BA a/k/a
OSCAR MONTES de OCA, and
JUAN WEISSON,

    Defendants.

## COMPLAINT

### PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff Drip Capital, Inc. ("Plaintiff"), for its Complaint against defendants 305 JMJ Produce Corp. ("305 JMJ"), Oscar Andres Montesdeoca Liu-Ba a/k/a Oscar Montes de Oca and Juan Weisson, alleges as follows:

### The Parties, Jurisdiction and Venue

1. Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California.

2. Defendant 305 JMJ is a corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida.

3. Defendant Oscar Andres Montesdeoca Liu-Ba ("Oscar") is a citizen and resident of the State of Florida and possibly also of Ecuador.

4. Defendant Juan Weisson ("Juan") is a citizen and resident of the State of Florida and possibly also of Ecuador.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity between Plaintiff, on the one hand, and defendants, on the other hand, and, as alleged below, the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. §1391(b)(1) because defendants are residents of the State in which this District is located and §1391(b)(2) because a substantial part of the events and omissions giving rise to the claims in this case occurred in this District.

## Factual and Procedural Background

### A. *Facts – Contractual Liability of Defendant 305 JMJ*

7. Plaintiff is in the business of, among other things, lending against receivables of businesses in need of funding.

8. On or around August 12, 2021, 305 JMJ entered into a lending agreement titled the Master Revolving Supply Chain Financing Agreement (the "Agreement"). A copy of the Agreement is attached as Exhibit "A".

9. Plaintiff lent funds under the Agreement to 305 JMJ in an amount in

2

excess of, and currently outstanding and in default of, $45,421.89, exclusive of interest and costs. 305 JMJ has defaulted in making payment under the Agreement and plaintiff is today owed from 305 JMJ $45,421.89, plus contractual interest and liability to date and also Plaintiff's costs of collection which are expressly recoverable and owed under the Agreement as a consequence of the default, Plaintiff having retained counsel and obligated itself to pay reasonable attorneys' fees and other collection costs.

### B. *Facts – Liability of Defendants Including Liability for Oscar and Juan*

10. In addition, Plaintiff is entitled to recover from defendants for their fraudulent conduct in inducing Plaintiff to lend to them as alleged below and, with respect to Oscar and Juan, under the principles of alter ego liability and piercing the corporate veil.

11. Defendants represented themselves to be engaged in a viable going concern with a track record in their industry — including the importing produce to the United States — and the ability to pay debts as they became due.

12. In fact, defendants had no such ability and no such track record.

13. As to the corporate defendant, it apparently has no actual place of business and listed as its place of business in corporate filings a residential address in Coral Gables Florida.

14. A number of businesses can be identified as located at that residential

address, and Internet searches indicate that a number of different individuals have association with that address, as well.

15. It is questionable whether either or both of the individual defendants have a connection with that address, though it is listed in the records of the Florida Department of State, Division of Corporations, records for the 305 JMJ.

16. It is questionable whether either or both of the individual defendants have a residence in the United States at all.

17. To the extent either does, it appears they have abandoned it.

18. To the extent either does, it appears each of the individual defendants, Oscar and Juan, have intentionally determined to cease accepting communications from Plaintiff and to cease communicating with Plaintiff about the debt at issue in this case.

19. Upon information and belief, either or both of Oscar and Juan have left Florida and are in Ecuador or in some other location in Central or South America and are concealing their whereabouts.

20. A review of Florida Department of State, Division of Corporations, records indicates that Juan and/or Oscar have incorporated at least four other entities in recent years in Florida, each, as with 305 JMJ, with a name apparently associated with the produce industry — L&J Tropical USA Corp., JMW Tropical, Inc., JHON Tropical Products, Inc., and Tropical Global Corp. but that those

entities have all been rendered inactive as corporations as recognized by the State of Florida, all pointing to facts consistent with their current disappearance from communication with Plaintiff — a pattern and practice of forming entities to conduct business with the intent and actual practice of closing those businesses in a manner so as to leave creditors unpaid and with the principals that emerging under a different name to continue their business hoping to be free of all liabilities incurred previously.

21. In addition, throughout the time of the 305 JMJ relationship with Plaintiff and including leading to the formation of the Agreement, and Plaintiff lending funds to and on behalf of 305 JMJ, Oscar and Juan operated the business of 305 JMJ as their alter ego and with complete control and domination of 305 JMJ.

22. They did so with the purpose, intent and effect of operating an injustice and fraud against Plaintiff.

23. In particular, despite holding out to Plaintiff that 305 JMJ was a viable going concern with sufficient capital to engage in the business in which it had held itself out to be conducting, Oscar and Juan misrepresented those facts and the condition of 305 JMJ. While they represented 305 JMJ to be a fully functioning business with a presence and assets and adequate capitalization sufficient to conduct the business without utter failure in the event of minor

business setbacks, that was not so.

24.     In fact, 305 JMJ did not have and has not had sufficient capital to conduct the business for which it induced, through Oscar and Juan, Plaintiff to lend money, including having complete incapacity to repay those funds unless it were, in the best of circumstances, completely successful in any transaction in which it would engage, and being exposed to the inability to repay Plaintiff in the event of any business reversal in a 305 JMJ transaction.

25.     In addition to this undercapitalization, Oscar and Juan operated the business as if it were indistinct from them personally and also operated the business without adherence to any of the formalities of the corporate form.  In that regard, they dominated the affairs of 305 JMJ such that it had no meaningful separate existence from them and existed merely as a conduit for their own business affairs and their personal instrumentality and alter ego.

26.     In all respects, Oscar and Juan's use and abuse of 305 JMJ constitutes the abuse of the corporate form.  At bottom, as operated by Oscar and Juan, 305 JMJ was nothing but an empty shell incapable of discharging its responsibilities or supporting its potential liabilities, and a mere instrumentality of Oscar and Juan. Piercing the corporate veil of 305 JMJ and holding Oscar and Juan liable as their alter ego is called for where, as here, it is necessary to promote equity and rectify an injustice (as here, for the reasons alleged).

27. In all the circumstances, Oscar's and Juan's operation of 305 JMJ as their instrumentality and alter ego over which they exerted complete domination would, in the absence of a finding of personal liability against Oscar and Juan under the theories of piercing the corporate veil and alter ego liability, perpetrate a fraud and injustice against Plaintiff.

### First Cause of Action

28. Plaintiff repeats and realleges each allegation above as if fully set forth here.

29. By reason of the foregoing, 305 JMJ has breached the Agreement and is liable to Plaintiff in the amount of $45,421.89, plus interest in accordance with the Agreement and at law, as well as collection costs including attorneys' fees as provided for in the Agreement, all to be determined in a specific amount at trial.

30. By reason of the foregoing, Oscar and Juan are liable to Plaintiff for the entirety of the amount of 305 JMJ's liability to Plaintiff based upon piercing the corporate veil principles and under the principles of alter ego liability.

### Second Cause of Action

31. Plaintiff repeats and realleges each allegation above as if fully set forth here.

32. By reason of the foregoing, 305 JMJ, Oscar and Juan are liable to

Plaintiff for damages for fraud based upon their fraud in inducing plaintiff into the Agreement and Plaintiff's advances of funds, by reason of the misrepresentations as to 305 JMJ alleged above, for not only the entirety of the principal amount of 305 JMJ's liability to Plaintiff but also an additional amount of at least as much, and all of its costs of collection, totaling well in excess of $100,000.

33.     The factual statements of Oscar and Juan were made with the intent to induce reliance by Drip, were false at the time the statements were made and were reasonably relied upon by Drip to enter into the Agreement.

WHEREFORE, Plaintiff demands Judgment in its favor and against defendants, jointly and severally, for:

a. Damages and punitive damages plus interest in accordance with the Agreement and at law, all to be determined in a specific amount at trial; and

b. collection costs and attorneys' fees as provided for in the Agreement, all to be determined in a specific amount at trial;

together with granting such other and further relief for Plaintiff and against each of defendants as the Court deems just and proper.

Dated:  July 23, 2022

Respectfully submitted,

WEISSMAN & DERVISHI, P.A.

By:   /s/ Brian S. Dervishi
      Brian S. Dervishi
      Zoe E. Ondriezek
Florida Bar No. 350303 and 1032548
One Southeast Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070 (Telephone)
bdervishi@wdpalaw.com
zondriezek@wdpalaw.com
service@wdpalaw.com

SCAROLA ZUBATOV SCHAFFZIN PLLC

By:   /s/ Richard J.J. Scarola
      Richard J.J. Scarola
(*Pro Hac Vice Appearance Pending*)
1700 Broadway, 41st Floor
New York, NY 10019
Tel.: (212) 757-0007

*Attorneys for Plaintiff Drip Capital, Inc.*