**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-22310-KMM

DRIP CAPITAL, INC.,

      Plaintiff,

v.

305 JMJ PRODUCE CORP., *et al.*,

      Defendants.

_____/

**ORDER**

THIS CAUSE came before the Court upon Plaintiff's Motion for Entry of Default Judgment Against All Defendants.   ("Mot.") (ECF No. 37).   Defendants Oscar Andres Montesdeoca Liu-Ba ("Liu-Ba"), Juan Weisson ("Weisson") (collectively, the "Individual Defendants") and 305 JMJ Produce Corp. ("JMJ") (altogether, "Defendants") did not file a response and the time to do so has passed.  The Motion is now ripe for review.  For the following reasons, the Court GRANTS Plaintiff's Motion.

## I.  BACKGROUND

On July 23, 2022, Plaintiff filed a Complaint asserting claims against Defendants for breach of contract and fraud in the inducement.  *See* ("Compl.") (ECF No. 1) at 7–8.  In January of 2023, Plaintiff filed proof of service on Defendants, indicating that the Defendants were served through the Florida Secretary of State on January 19, 2023.  (ECF Nos. 24–26).  To date, Defendants have not appeared nor filed a responsive pleading to the Complaint.  Mot. at 2.  The Clerk of Court entered default as to all Defendants.  (ECF No. 35).  Now, Plaintiff moves for default judgment against them.  *See generally* Mot.

## II.  LEGAL STANDARD

"The mere entry of a default by the Clerk of the Court does not in itself warrant the entry of a default judgment by the Court."  *Garrido v. Linden Contracting Servs.*, Case No. 0:14-cv-60469, 2014 WL 12603170, at *1 (S.D. Fla. Aug. 21, 2014).  "Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered."  *Id.* (citation omitted).  "A party in default has admitted all well-pleaded allegations of fact."  *Id.* (citation omitted).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citations omitted).  Damages may be awarded without an evidentiary hearing "only if the record adequately reflects the basis for award via . . . a demonstration by detailed affidavits establishing the necessary facts."  *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citations and internal quotation marks omitted).  In other words, a court may award damages "as long as the record contains evidence allowing the court to ascertain damages from 'mathematical calculations' and 'detailed affidavits.'"  *Holtz v. Bagel Mkt., Inc.*, Case No. 12-62040-CIV, 2013 WL 12141515, at *2 (S.D. Fla. Apr. 29, 2013) (quoting *Adolph Coors Co.*, 777 F.2d at 1543–44).

## III.  DISCUSSION

In its Motion, Plaintiff argues that Defendant JMJ is liable for breach of contract for their failure to repay amounts owed under a "Master Revolving Supply Chain Financing Agreement" (ECF No. 1-5) (hereinafter the "Agreement"), and that Defendants Liu-Ba and Weisson are liable

2

for the same through a veil-piercing theory.  Mot. at 7–11;[1] *see also* Compl. ¶¶ 28–30. Additionally, Plaintiff argues that Defendants are liable for fraudulently inducing Plaintiff into the Agreement.  *See* Compl. ¶¶ 31–33; *see also* Mot. 11–13.  Regarding damages, Plaintiff alleges that Defendants are jointly and severally[2] liable for $87,655.15, with interest at a rate of 14.5% per annum until the judgment is paid.  See Mot. at 13–14.  The Court addresses each of Plaintiff's arguments in turn.

### A.    **Liability**

#### i.  *Breach of Contract*

To prove a breach of contract claim, a party must establish "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach."  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).  A valid contract requires "(1) offer, (2) acceptance, (3) consideration, and (4) sufficient specification of the essential terms."  *Id.* (citing *St. Joe Corp. v. McIver*, 875 So.2d 375, 381 (Fla. 2004)).  "A material breach occurs only when an injured party has sustained a substantial injury due to the breach."  *Phawa, LLC v. Marjaba Import & Export Corp.*, Case No. 21-22208-CV-ALTMAN, 2021 WL 4150842, at * 2 (S.D. Fla. Aug. 26, 2021).  A plaintiff may recover damages that are a proximate result of the material breach. *Chipman v. Chonin*, 597 So.2d 363, 364 (Fla. 3d DCA 1992).

Although the corporate form typically protects the individuals behind it from liability, that "corporate fiction" may be disregarded, and the corporate veil may be pierced, when three criteria are met.  *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011).  First,

---

[1]  Page references to Plaintiff's Motion indicate PDF pagination as listed in the top right corner of the CM/ECF System filing.

[2]  See (ECF Nos. 40–41).

the corporation's shareholders (i.e., "individuals who own [its] stock") must have "dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the *shareholders* were in fact alter egos of the corporation." *Id.*  Second, "the corporate form must have been used fraudulently or for an improper purpose." *Id.*  And third, "the fraudulent or improper use of the corporate form caused injury to the claimant." *Id.*

Here, Plaintiff alleges that, on August 12, 2021, it and JMJ entered into the Agreement, under which it lent $45,521.89 to JMJ.  *See* Compl. ¶¶ 8–9.  Plaintiff claims that Defendants "represented themselves to be engaged in a viable going concern with a track record in their industry . . . and the ability to pay debts as they became due." *Id.* ¶ 11.  Yet Plaintiff avers this was not the case, and that JMJ's debt under the Agreement is "currently outstanding and in default." *Id.* ¶ 9.

Thus, Plaintiff's Complaint pleads sufficient allegations to merit a determination that JMJ breached the Parties' Agreement.  First, Plaintiff has alleged the existence of a contract between itself and JMJ.  Compl. ¶ 8.  Next, Plaintiff claims that it "lent funds under the Agreement to 305 JMJ in an amount in excess of, and currently outstanding and in default of, $45,421.89." *Id.* ¶ 9.  Yet Plaintiff avers that JMJ "has defaulted in making payment under the Agreement." *Id.*  And finally, Plaintiff claims it suffered damages in both the loss of the loan's principal value as well as the loss of any contractual interest and liability it would have accrued to date.  *Id.*  Accordingly, the Court finds that JMJ breached its Agreement and is liable to Plaintiff for breach of contract.

There is also a sufficient basis in the pleadings to merit the piercing of the corporate veil. Plaintiff avers that the Individual Defendants Liu-Ba and Weisson "operated the business as if it were indistinct from them personally" and "dominated the affairs of 305 JMJ such that it . . . existed merely as a conduit for their own business affairs."  Compl. ¶ 25.  Plaintiff claims that JMJ

4

"did not have and has not had sufficient capital to conduct the business for which it induced, through [the Individual Defendants], Plaintiff to lend money, including having complete incapacity to repay those funds unless it were, in the best of circumstances, completely successful in any transaction which it would engage." *Id.* ¶ 24.  Plaintiff alleges that, in essence, the Individual Defendants knowingly operated JMJ as "an empty shell incapable of discharging its responsibilities or supporting its potential liabilities." *See id.* ¶¶ 24–26.  And Plaintiff avers that the Individual Defendants' fraudulent use of JMJ led to Plaintiff's injury in the form of a loan (and interest) which will not be repaid.  *See id.* ¶¶ 20–23.  Thus, the Court finds that piercing the corporate veil is appropriate on the well-pleaded facts of the Complaint, and that Defendants Liu-Ba and Weisson are jointly and severally liable with JMJ for the breach described above.

### ii.  Fraudulent Inducement

To establish a claim of fraud in the inducement under Florida law, a plaintiff must establish that: (1) the representor made a false statement concerning a material fact; (2) the representor knew or should have known that the representation was false; (3) the representor intended to induce another party to act in reliance on the false statement; and (4) the party acted in justifiable reliance on the representation and was injured as a result. *See Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1029–30 (11th Cir. 2017); *White Holding Co., LLC v. Martin Marietta Materials, Inc.*, 423 F. App'x 943, 945 (11th Cir. 2011); *CCA Bahamas Ltd. v. Conquest Fin. Mgmt. Corp.*, No. 1:17-CV-22437-KMM, 2017 WL 10846263, at *2 (S.D. Fla. Nov. 28, 2017).

The Court finds that Plaintiff has plead facts sufficient to demonstrate that Defendants fraudulently induced the loan at issue.  Plaintiff avers that Defendants held out JMJ as "a viable going concern with sufficient capital to engage in the business in which it had held itself out to be conducting." Compl. ¶ 23; *see also id.* ¶ 11.  Defendants represented JMJ as "a fully functioning

business with a presence and assets and adequate capitalization sufficient to conduct the business without utter failure in the event of minor business setbacks." *Id.* ¶ 23. Plaintiff avers that the Individual Defendants "did so with the purpose, intent and effect of operating an injustice and fraud against Plaintiff." *Id.* ¶ 22. Yet Plaintiff claims "JMJ did not have and has not had sufficient capital to conduct the business for which it induced . . . Plaintiff to lend money," and that "in the event of any business reversal in a 305 JMJ transaction, Defendants would be unable to repay Plaintiff. *See id.* ¶¶ 23–25. Finally, Plaintiff claims it was induced to lend Defendants money on the basis of these false representations. *See id.* ¶¶ 23–24; *see also* (ECF No. 37-1) (hereinafter "Nath Decl.") ("Plaintiff . . . would not have lent money or entered into the Agreement with 305 JMJ absent those misrepresentations and was damaged as a consequence."). Accordingly, the Court finds that Plaintiff has successfully plead facts showing fraudulent inducement, and therefore finds Defendants liable for the same.

**B.** **Damages**

In addition to entering default judgment on liability, a court must determine the amount of damages to be awarded. *See Holtz*, 2013 WL 12141515, at *2. The burden is on the plaintiff to prove the amount of damages owed. *Varela v. Innovative Wiring Sols., LLC*, No. 6:07-cv-165-Orl-28KRS, 2009 WL 1795044, at *4 (M.D. Fla. June 22, 2009). "Affidavits based on personal knowledge can be sufficient evidence to establish damages." *Holtz*, 2013 WL 12141515, at *2 (citation omitted).

On its breach and fraudulent inducement claims, the declaration of Drip Capital Chief Product Officer Rahul Nath states that, at the time the suit was filed, "JMJ was indebted to plaintiff in the amount of $45,421.98" for JMJ's failure to repay under the Agreement. *See* Nath Decl. ¶ 4. The same declaration explains that, as of March 20, 2023, that amount had grown to "$51,083.50,

6

inclusive of interest . . . and deducting certain payments made [Defendant Weisson]." *Id.* ¶ 6. The declaration calculates that interest on the loan has accrued at 14.5% per annum: 10.5% as permitted by the express terms of the Agreement, and an additional 4% "Default Rate" also permitted by the Agreement. *Id.*; *accord* Agreement, ¶¶ 16.11, 16.13, 16.20. Thus, Plaintiff has set forth record evidence demonstrating that it was owed $51,083.50, inclusive of interest, as of March 20, 2023.

Next, Plaintiff seeks "collection costs" which it avers are "expressly recuperable pursuant to Agreement, ¶ 10." Mot. at 13. The Agreement requires JMJ to "reimburse Drip Capital, on demand, for the actual amount of all of its costs and expenses, including attorney's fees, which Drip Capital incurs or is likely to incur in enforcing or seeking to enforce any of its rights under or in connection with this Note." Agreement ¶ 10. Plaintiff additionally sets forth an affidavit of Richard Scarola, an attorney representing Drip Capital in these proceedings, which explains that Plaintiff has incurred $36,571.65 in "legal services in connection with the effort to collect from the defendants the debts at issue in this case." (ECF No. 37-2) at ¶ 4. Accordingly, Plaintiff has set forth sufficient evidence for the Court to find that it is owed an additional $36,571.65 in attorney's fees and costs associated with the enforcement of the Agreement in these proceedings.

## IV.    CONCLUSION

UPON CONSIDERATION of the Complaint, the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion for Entry of Default Judgment Against All Defendants is GRANTED. It is further ORDERED that default judgment is granted in favor of Plaintiff Drip Capital, Inc., against Defendants Oscar Andres Montesdeoca Liu-Ba, Juan Weisson and 305 JMJ Produce Corp., jointly and severally, as to Counts I and II, in the amount of $87,655.15, with interest at the rate of 14.5% per annum to be applied retroactively from March 20, 2023 until the

judgment is paid.  The Court shall retain jurisdiction over this action for purposes of determining the amount of fees and costs to which counsel is entitled. The Clerk of Court is instructed to administratively CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _27th_ day of June, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:      All counsel of record

8